UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINISTER TALIV ALLI,

                       Plaintiff,

          -against-                              21-CV-1145 (CM)

THE STATE OF NEW YORK; PATRICIA A.               ORDER
WILLIAMS; SUSAN CALVELLO;
RICHARD STOLL,

                       Defendants.

COLLEEN MCMAHON, United States District Judge:

      Plaintiff filed this action *pro se*, seeking leave to proceed *in forma pauperis* (IFP). Plaintiff has been barred, however, from bringing any action IFP without leave of Court. *See Ali v. The United States*, No. 08-CV-5752 (KMW) (S.D.N.Y. Sept. 15, 2008). Plaintiff did not seek leave to file this action, and by order and judgment entered February 11, 2021, the Court therefore dismissed the complaint without prejudice.[1]

      Plaintiff appealed (ECF 6), and while the appeal was pending, Plaintiff moved in this Court for appointment of counsel. (ECF 9-10.) He then filed a second notice of appeal. (ECF 11.) After the Second Circuit dismissed both appeals (ECF 13-14), on July 15, 2021, Plaintiff filed an application, styled as a motion "per considerationem [sic]." (ECF 15). The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The Court, having reviewed the arguments in Plaintiff's submissions, denies both motions (ECF 9-10, 15).

---

[1] The Court also notes that this action, which is against the State of New York, the judge who presided over Plaintiff's 1994 criminal proceedings, and the prosecution and defense counsel from those proceedings, is not a departure from Plaintiff's pattern of vexatious litigation.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

In his motion, Plaintiff notes that after the dismissal of this action, he was released from incarceration. He states the following:

> Now out of prison where information was important upon having citations to rule upon seeing statute statue as 42 USCA 1983 as in Wolff v. McDonnel, 94 S. Ct 2693 (1974) to have esset to legal supplies and proper books. Which upon the transcript must be ordered, if the Court already have a copy of the transcript #98CV5470 from 1998 when Plaintiff was sodomize 18 U.S.C. § 2246(D)(4) as of October 9th under the First Amendment, grievance to the Court wasn't under 42 USCA 1997(e)(e) for E.A.R.

(ECF 15.)[2]

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply.  As this action was dismissed under 28 U.S.C. § 1651, which applies whether or not a litigant is incarcerated, Plaintiff's subsequent release from custody is irrelevant to the validity of the order of dismissal. Therefore, the motion under any of these clauses is denied. Plaintiff also fails to allege any facts demonstrating that extraordinary

---

[2] All spelling and punctuation in the quoted text is original.

circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Plaintiff's motion for reconsideration (ECF 15) is therefore denied.

Insofar as Plaintiff may be seeking a waiver of the fees for copies of transcripts of his state court criminal proceedings, this request is also denied. The transcripts appear to have been filed in the court more than twenty years ago, when Plaintiff litigated his first petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, which was denied on the merits. *See Ali v. Mantello*, ECF 1:98-CV-5470, 15 (MBM) (S.D.N.Y. [date letter filed] (letter noting that "enclosed herein are copies of the state court transcripts, to wit: the transcript from the suppression *Mapp/Huntley* hearing, and the two-volume trial transcript"). Plaintiff does not provide any reason for providing him with free copies of such transcripts more than twenty years after his *habeas corpus* case was litigated. Plaintiff can write to the Court's records management unit for information about procedures and fees for obtaining copies of Court documents.

Because this action is closed, Plaintiff's motion for appointment of counsel is denied as moot. (ECF 9-10.)

## CONCLUSION

Accordingly, Plaintiff's motions for appointment of counsel (ECF 9-10) and for reconsideration (ECF 15) are denied.

Plaintiff's case in this Court under this docket number, 21-CV-1145 (CM), is closed. The Court will only accept for filing in this action documents that are directed to the Second Circuit Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: August 2, 2021
        New York, New York

_____
COLLEEN McMAHON
United States District Judge